# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CIVIL ACTION NO. 14-3-DLB**

**JOSEPH ABDULLAH LOGAN,**                                         **PETITIONER,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**J. C. HOLLAND, WARDEN,**                                     **RESPONDENT.**

\* \* \* \* \* \* \* \* \* \* \* \*

Joseph Abdullah Logan is an inmate confined at the Federal Correctional Institution in Bennettsville, South Carolina.[1] Proceeding without counsel, Logan filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that BOP officials did not properly process the warrant to revoke his supervised release lodged against him by the United States Parole Commission ("USPC"). (Doc. #1). In response, the Warden indicates that the USPC and the BOP followed all relevant procedures correctly and that Logan is therefore not entitled to earlier release or any other relief. (Doc. #10). Logan has not filed a reply in further support of his petition, and this matter is therefore ripe for decision.

I

On July 23, 2004, following his conviction for attempted possession with intent to distribute cocaine, the District of Columbia Superior Court sentenced Logan to an 18-

---

[1] Logan was housed at the United States Penitentiary – McCreary in Pine Knot, Kentucky, when he filed his petition, but the Bureau of Prisons' ("BOP") online inmate locator database (http://www.bop.gov/inmateloc/) indicates that he has since been transferred. The Clerk of the Court will be directed to update the docket accordingly.

1

month term of imprisonment to be followed by a 5-year term of supervised release in Case No. F-1181-04. (Doc. #10-2, pp. 2-6). Logan completed service of his prison term on May 14, 2006, at which time his 5-year term of supervised release commenced. (Doc. #10-3, pp. 2-4).

Six months later, on September 21, 2006, Logan was arrested by D.C. police for selling crack cocaine to an undercover police officer, and a month after that for soliciting prostitution from another undercover police officer. On December 5, 2006, USPC issued a supervised release violator warrant based on this misconduct. (Doc. #10-4, pp. 2-5). On June 18, 2009, the USPC amended the warrant to assert a third violation when Logan failed to appear for a hearing in his criminal case on February 6, 2007. (Doc. #10-5, p. 2). Logan was convicted of the state drug trafficking and solicitation charges on May 2, 2007, and the Superior Court sentenced him to a 30-month term of incarceration to be followed by five years of supervised release in Case No. 06-CF2-20946. (Doc. #10-8, p. 2). He was separately sentenced to a consecutive 90-day term of imprisonment on the failure-to-appear charge. (Doc. #10-5, p. 2).

On June 12, 2009, the USPC warrant was executed charging Logan with violating the terms of his supervised release from Case No. F-1181-04. On December 7, 2009, following a November hearing, a hearing examiner recommended that USPC revoke Logan's supervised release and impose an 8-month term of incarceration - retroactively commencing on June 12, 2009 - to be followed by a 52-month period of supervision. (Doc. #10-6, pp. 2-4). In its December 17, 2009 Notice of Action, USPC imposed the 8-month supervised release revocation sentence, but imposed no additional supervised release in Case No. F-1181-04 in light of the 5-year term of

2

supervised release established in Case No. 06-CF2-20946. (Doc. #10-7, pp. 2-4). On February 12, 2010, Logan completed service of the 8-month term of incarceration and began service of his 5-year term of supervised release in Case No. 06-CF2-20946.

During 2010, Logan repeatedly failed to report for meetings with his probation officer and his psychiatrist and missed two required drug tests. On March 7, 2011, Logan was arrested for the sexual assault and robbery of his ex-girlfriend. (Doc. #10-9, pp. 3-4). As a result, on June 9, 2011, USPC issued a supervised release violator. (Doc. #10-10, pp. 2-3; Doc. #10-11, pp. 2-3). On the same day, USPC provided federal marshals with an instruction sheet directing them to lodge a detainer with appropriate authorities if Logan was already in custody. (Doc. #10-12, p. 2). On August 8, 2011, Logan pled guilty in the D.C. Superior Court to assault with a dangerous weapon and sexual abuse in Case No. 2011-CF3-4218. On October 25, 2011, that court sentenced him to a cumulative 30-month term of incarceration to be followed by a 3-year term of supervised release. (Doc. #10-13, p. 2; Doc. #10-14, p. 2).

On January 5, 2012, USPC's revocation warrant for Logan's alleged violation of the terms of his supervised release in Case No. 06-CF2-20946 was lodged as a detainer with the BOP. (Doc. #10-19, p. 6). On the same day, Supervisory Correctional Systems Specialist Mattingly sent a Detainer Action Letter back to USPC acknowledging the receipt and lodging of their detainer. (Doc. #1-1, p. 11). A January 18, 2012 supplement to that warrant reflected Logan's convictions for the conduct charged in Case No. 2011-CF3-4218. (Doc. #10-13, p. 2).

Logan completed service of his 30-month sentence from Case No. 2011-CF3-4218 on June 26, 2013, (Doc. #10-19, pp. 5-6), at which time USPC's warrant was

executed against him and signed by Warden J.C. Holland. (Doc. #10-15, pp. 2-3). Following an August 22, 2013 Prehearing Assessment (Doc. #10-16, pp. 2-5), a revocation hearing was held on December 19, 2013, at which time the examiner found that Logan had violated the terms of his supervised release, and recommended that his supervised release be revoked and that a 36-month sentence be imposed commencing on June 26, 2013. (Doc. #10-17). The USPC adopted that recommendation in its February 10, 2014 Notice of Action, and noted that upon completion of that prison term, Logan would still be subject to the 3-year term of supervised release imposed in Case No. 2011-CF3-4218. (Doc. #10-18, pp. 2-8). Logan did not file an appeal to the National Appeals Board. (Doc. #10, p. 5).

II

In his petition, Logan asserts or appears to assert a variety of claims, some of which are not entirely clear. In light of his *pro se* status, the Court will review any claim expressly made or which can reasonably be inferred from his allegations. *Alexander v. Northern Bureau of Prisons*, 419 F.App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

First, in the body of his petition, Logan contends that he is being held beyond the conclusion of his sentence from Case No. 2011-CF3-4218 without a revocation hearing. (Doc. #1, p. 1). He correctly notes that this 30-month sentence expired on June 26, 2013. (Doc. #10-19, pp. 5-6). However, at that time he was kept in BOP custody pursuant to the USPC's detainer (Doc. #10-15, pp. 2-3), and a revocation hearing was held on December 19, 2013. When Logan filed his petition in this case on January 6,

4

2014, the USPC had yet to act on the hearing examiner's recommendation, but adopted it shortly thereafter in its February 10, 2014 Notice of Action. (Doc. #10-18, pp. 2-8). Logan therefore has properly been in federal custody since June 26, 2013, serving the 36-month term of incarceration imposed by USPC for violating the terms of his supervised release in Case No. 06-CF2-20946.

Second, Logan contends in Ground One of the petition that for a warrant to be lodged as a detainer with the BOP, a copy of the warrant must be sent to the BOP along with a letter requesting that it be placed as a detainer. (Doc. #1, p. 6-7). As noted above, USPC directed that its warrant be lodged as a detainer with the BOP on January 5, 2012. (Doc. #10-19, p. 6). This detainer was supplemented on January 18, 2012, to reflect Logan's convictions in Case No. 2011-CF3-4218. (Doc. #10-13, p. 2). These steps were taken in full accord with the applicable USPC regulations. 28 C.F.R. §§ 2.211(a)(2); 2.211(c)(3). The USPC's warrant was therefore properly lodged as a detainer with the BOP.

Third, Logan appears to question whether the BOP sent an "active warrant" on June 26, 2013, to USPC indicating that he was being held pursuant to their detainer. (Doc. #1, p. 2). More specifically, in Ground Two of his petition, Logan suggests that BOP staff at USP-McCreary did not send a Detainer Action Letter accompanied by a copy of the USPC warrant back to the USPC. Therefore, he contends, the prison didn't have "jurisdiction" to hold him in custody. (Doc. #1, p. 7).

The Warden correctly notes that it is the USPC, not the federal prison, which sends a warrant to the confining authority, which is then in turn lodged as a detainer. 28 C.F.R. § 2.213(a) ("When a releasee is a prisoner in the custody of other law

5

enforcement authorities, or is serving a new sentence of imprisonment imposed for a crime . . . committed while on supervised release, a violation warrant may be lodged against him as a detainer.") Once the prisoner completes service of his "active" sentence, in this case the 30-month sentence in Case No. 2011-CF3-4218 (Doc. #10-19, pp. 5-6), the previously-lodged detainer is "executed" as a warrant for the prisoner's arrest pending resolution of the charges which form the basis for the warrant - here the alleged violation of the terms of Logan's supervised release in Case No. 06-CF2-20946. *See* BOP Program Statement 5800.15 §§ 603, 605. In this case, Logan's "active" sentence concluded on June 26, 2013, at which time Warden J.C. Holland and SCSS officer Mattingly executed USPC's warrant. (Doc. #10-15, pp. 2-3). This action was in full conformity with the applicable regulations. 28 C.F.R. § 2.212(a) ("Any officer of any Federal or District of Columbia correctional institution . . . to whom a warrant is delivered, shall execute such warrant by taking the parolee and returning him to the custody of the Attorney General."); *Cf. Riley v. Holt*, No. 1:CV-04-1976, 2005 WL 1154755, at *2 (M.D. Pa. May 4, 2005).

Finally, in apparent reliance upon the warrant form (Doc. #1-1, p. 10), Logan contends that only a U.S. Marshal or Deputy Marshal may validly execute a warrant for his arrest or detention. (Doc. #1, p. 7). However, 28 C.F.R. § 2.212(a) expressly permits "[a]ny officer of any Federal or District of Columbia correctional institution" to execute such a warrant. Because both Warden Holland and SCSS Mattingly constitute such officers, their execution of the warrant was valid, and Logan was properly retained in BOP custody. Because the BOP's execution of the USPC's warrant was in full

6

conformity with the applicable regulations, Logan has not demonstrated a basis for habeas relief, and his petition will be denied.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall update the docket to reflect Logan's current mailing address as:

> Joseph Abdullah Logan, ID# 34885-007
> FCI-Bennettsville
> Federal Correctional Institution
> P.O. Box 52020
> Bennettsville, SC  29512

2. Logan's petition for a writ of habeas corpus (Doc. #1) is **DENIED**.

3. The Court will enter a judgment contemporaneously with this order.

4. This matter is **STRICKEN** from the docket.

This 25th day of November, 2014.

Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\ORDERS\London\2014\14-3 MOO.docx

7